<hr/>

SEXTON et al. v. BENNETT et al.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

USURY—PLEADING—ALTERNATIVE.

On foreclosure of a mortgage given to secure plaintiff against loss by reason of a loan of his credit to defendant at a certain bank, the answer alleged a usurious agreement made with defendant by plaintiff,—"but whether in his individual capacity or as an officer and agent of the bank named, of which he was president, defendant does not know,"—under and in pursuance of which the mortgage was given; that in all of the loans, discounts, and renewals, which culminated in certain notes mentioned in the complaint, usurious interest was agreed upon and reserved; and an accounting was asked for to ascertain the amount of such interest, and notice given that if it should appear that the bank, through plaintiff, as its officer and agent, was the party to the usurious agreement, defendant would offset the amount of such interest to the amount of the notes; but if, on the other hand, it should appear that the agreement and transactions were had and made with plaintiff in his individual capacity, then that the notes and mortgage be declared void and ordered canceled. *Held,* that the court properly refused to strike out any portions of the answer, and to require defendant to make it more definite and certain.

Appeal from Wayne county court.

Action by Pliny T. Sexton and others against Charles W. Bennett and others. Plaintiffs appeal from an order denying their motion to strike out portions of defendant's answer, and to make the same definite and certain.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*C. McLouth,* for appellants.　*J. H. Camp,* for respondent.

DWIGHT, P. J.　The action (brought in the county court) was to foreclose a mortgage, collateral to a bond given, as the complaint in substance alleges, to secure the plaintiff against loss by reason of a loan of his credit to the defendant, at the First National Bank of Palmyra. The complaint also, in substance, alleges that on the credit of the plaintiff the defendant procured loans at said bank, represented by his three promissory notes, amounting in the aggregate to the sum of $34,206.90, which the plaintiff was compelled to and did pay, and for which payment he has been actually indemnified by the defendant only to the amount of $318, leaving due to him, and secured by said bond and mortgage, the sum of $33,888.90, for the collection of which this action is brought. The defense is usury. The answer, in substance, avers an usurious agreement made with the defendant by the plaintiff in person,— but whether in his individual capacity or as an officer and agent of the bank named, of which he was president, the defendant does not know,—under and in pursuance of which the bond and the mortgage in suit were given, and all the transactions, by way of loans, discounts and renewals, which finally culminated in the three notes mentioned in the complaint were had; that in all of such transactions interest at the usurious rate agreed upon with the plaintiff was exacted and reserved, and that the total of such usurious interest is included in the three notes above mentioned; and the defendant asks that an accounting be had to ascertain the amount of such interest, and gives notice that if it shall appear that the bank, through the plaintiff as its officer and agent, was the party to such usurious agreement and transactions, then he will offset the amount of such interest to the amount apparently due on said notes; and if, on the other hand, it shall appear that such agreement and transactions were had and made with the plaintiff in his individual capacity, then the defendant demands that such notes and bond and mortgage be declared to be void, and be delivered up to be canceled.

The foregoing is the substance of the defendant's answer, and we are unable to see that it violates any essential rule of pleading. It presents no inconsistent defenses, and is hypothetical only in respect to the relief demanded; the character of the relief being dependent upon the fact, which may have been unknown to the defendant, whether the plaintiff was acting for himself or for his bank, in making the agreement with and providing the credit to be given to the defendant. The case was one which called for a liberal rule of pleading, and we do not think the county court exceeded a just discretion in refusing to strike out any portion of the answer. The averment that the plaintiff was the president and principal stockholder of the bank seems to us to have been a proper one as possibly bearing upon the relation in which he stood to the transactions in question, and was certainly permissible as matter of inducement. The purpose of the other branch of the motion, viz., to make the answer more definite and certain, could probably be better served by a motion for a bill of particulars of the defense, although it may very well be true, as stated in the answer, that the defendant is unable to state more particularly than he has done the several amounts of usurious interest taken and reserved in the long series of transactions referred to, and which he asks to have ascertained by the accounting prayed for. We think the order appealed from should be affirmed. Order appealed from affirmed, with $10 costs and disbursements. All concur.